

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

ENTERED
05/26/2016

|  |  |  |
|---|---|---|
| IN RE | ) | |
| LARRY K. PARKER, | ) | CASE NO. 14-80164-G3-13 |
| Debtor | ) | |
| LARRY K. PARKER, SR., | ) | ADVERSARY NO. 16-8005 |
| Plaintiff | ) | |
| v. | ) | |
| DEMETRIA S. PARKER, | ) | |
| Defendant | ) | |

## MEMORANDUM OPINION

The court held a hearing on the "Emergency Motion of Demetria Parker For Remand, or in the Alternative for Dismissal, and for Just Costs, Including Attorney Fees, Pursuant to 28 U.S.C. § 1447" (Docket No. 2). After consideration of the motion, Response filed thereto by Larry K. Parker, Sr. (Docket No. 5), the Reply of Demetria Parker (Docket No. 6), the pleadings in the instant adversary proceeding and the chapter 13 bankruptcy case, the testimony, and argument of counsel, the court makes the following Findings of Fact and Conclusions of Law. A separate Judgment will be entered remanding the above captioned adversary proceeding to the 245th Judicial District Court of Harris County, Texas. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as

such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

## Findings of Fact

Larry K. Parker, Sr. (hereinafter "Parker") filed a voluntary petition under Chapter 13 of the Bankruptcy Code, in Case No. 14-80164-G3-13, on May 1, 2014. William E. Heitkamp was appointed as the Chapter 13 Trustee. Parker made plan payments pursuant to a proposed plan although no plan was confirmed. On March 28, 2016, the main bankruptcy case was dismissed on the Amended Trustee's Motion to Dismiss on the basis that Parker was not eligible to be a debtor under chapter 13 of the Bankruptcy Code, pursuant to section 109(e). Main Case, Docket Nos. 110 and 165.

On March 29, 2016, after the Chapter 13 case was dismissed, Demetria S. Parker (hereinafter "Movant"), the ex-wife of Parker, filed an Application for Writ of Garnishment in the 245th Judicial District Court of Harris County, Texas, under Cause No. 2006-35132-A (hereinafter "the Garnishment Case"). In the Garnishment Case, Movant seeks to require the Chapter 13 Trustee to turnover funds held by the Trustee to satisfy an outstanding judgment owed to her by Parker.

Despite the fact that the Chapter 13 case had been dismissed, Parker filed a Notice of Removal of the Garnishment Case from the state court to the Bankruptcy Court, pursuant to 28

2

U.S.C. § 1334. Parker asserted that the Garnishment Case affects Parker's claim to the funds held by the Trustee, that the Internal Revenue Service has a priority claim against the funds, and that a request for payment of administrative expenses is currently pending in the dismissed bankruptcy case. Parker asserts the removed cause of action is a core proceeding.

Movant seeks to remand the Garnishment Case back to state court as the bankruptcy case has been dismissed, and the instant action is non-core, involves matters not "related to" any bankruptcy, and involves state law causes of action for which there is no basis for federal jurisdiction. Movant also seeks recovery of costs, including attorney's fees, pursuant to 28 U.S.C. § 1447.

In the instant case, the plan was not confirmed and upon dismissal, the automatic stay terminated and the property re-vested in Parker. Upon dismissal, the funds are no longer property of the bankruptcy estate and Parker and Movant have the same rights and state law remedies with regard to the property as existed prior to the filing. After dismissal, funds in the hands of the trustee are no longer protected by the automatic stay and are subject to garnishment or levy. The trustee is like any other third party holding funds owed to a debtor against which a judgment creditor can collect. The Garnishment Case was filed while the funds were being held by the Trustee on Parker's behalf

3

but prior to the Trustee's having returned any payments to Parker.

When a chapter 13 case is dismissed, the debtor no longer seeks financial rehabilitation from the bankruptcy court and the only objective remaining is to proceed to close the case. Closing the case involves administrative acts of disbursing funds and filing a final report.

The chapter 13 trustee's duty to return to the debtor funds held at the time of dismissal is subject to the payment of administrative expenses. 11 U.S.C. § 1326(a)(2). It is not in evidence whether the Trustee has made any deductions for unpaid claims allowed under section 503(b). The funds held by the Trustee on Parker's behalf, which remain after making deductions for administrative expenses, are subject to garnishment.

Garnishment is a state court collection remedy available to creditors under non-bankruptcy law. Texas civil rules of procedure govern garnishments and executing on judgments.

Allegations of bad faith and wrongdoing have been made against Parker regarding removal of this case to bankruptcy court. The court notes that counsel for Parker filed an Application for Administrative Expenses in the main case, over one month after dismissal of the bankruptcy case, on May 6, 2016, the same date that the Garnishment Case was removed to the

bankruptcy court from the state court.  Although counsel had previously executed a fixed fee agreement (Docket No. 9, Main Case) to handle the Chapter 13 case for $3,500, in counsel's Application for Administrative Expenses, she seeks allowance of an additional $19,760 in fees, much of which relates to the litigation with Movant.  Main Case, Docket Nos. 168 and 169.  Counsel for the Trustee testified that the Trustee was served with a Notice of Levy by the Internal Revenue Service on May 25, 2016, the date of the hearing on the instant motion.  The Trustee pointed out that Parker's response to the request for remand, filed May 24, 2016, indicated that Parker already knew the Notice had been issued.  Counsel for the Trustee stated he believed that the removal of the instant adversary proceeding was in bad faith and that the initiation of the levy was by Parker or his counsel of record, in order to forestall collection on Movant's judgment.  Although no evidence was submitted on this issue, the timing of events is noteworthy.

Parker contends that this court has jurisdiction over the Garnishment Case because it relates to a case filed under the Bankruptcy Code pursuant to 28 U.S.C. § 1334.  Parker's chapter 13 bankruptcy case was dismissed on March 28, 2016.  The Garnishment Case is not related to an underlying bankruptcy case because an underlying bankruptcy case no longer exists.  The bankruptcy court may not hear a new proceeding arising out of a

prior proceeding in a closed or dismissed case if it does not have jurisdiction to do so. For the bankruptcy court to have jurisdiction, the outcome of the action must alter the rights, obligations, and choices of action of the debtor and have an effect on the administration of the estate. The elements stated for jurisdiction to attach are conjunctive. *See In re Bass*, 171 F.3d 1016 (5th Cir. 1999). There is no longer a bankruptcy estate and Parker is no longer a debtor. The court concludes that it lacks subject matter jurisdiction of the cause of action asserted in the instant adversary proceeding.

Movant requested reimbursement of costs, including attorney's fee, in the initial amount of $2,500. At the hearing, counsel for Movant requested reimbursement of $5,000. Recovery of costs for cases that are removed to federal court and remanded is provided for in 28 U.S.C. § 1447. Although the statute allows for an award of costs without qualification, the Fifth Circuit has held that recovery of fees should be denied unless the party removing the cause of action acted unreasonably. *See Waste Control Specialists, LLC v. Envirocare of Texas, Inc.*, 199 F.3d 781 (5th Cir. 2000), *as amended on reh'g*, 207 F.3d 225 (2000); *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290 (5th Cir. 2000); *Miranti v. Lee*, 3 F.3d 925 (5th Cir. 1993). Based upon Parker's ineligibility for Chapter 13, the filing of the Application for Administrative Expenses concurrently with the notice of removal,

and the contentious history of the litigation between the parties, the court the court concludes that the notice of removal was filed for the improper purpose of delaying distribution on the garnishment. The court awards recovery of fees to Movant in the amount of $3,000. In determining a reasonable amount of fees, the court has reviewed the pleadings filed by Movant, and the argument made by Movant at the hearing on the instant motion.

## Conclusions of Law

Chapter 3 of the Bankruptcy Code addresses the administration of a bankruptcy case and section 349, contained therein, provides, in pertinent part, that:

> (b) Unless the court, for cause, orders otherwise, a dismissal of a case other than under section 742 of this title -
> ...
> 3) revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title.

The general effect of an order dismissing a bankruptcy case, and Congress' stated intent that the purpose of this section, is to undo the bankruptcy filing, as far as practicable, and restore all property rights to the position they occupied at the commencement of a case. *See In re Oparaji*, 698 F.3d 231 (5th Cir. 2012).

In connection with a chapter 13 plan and the payments made by a Debtor to the Trustee pursuant to that plan, section 1326(a)(2) requires that:

> A payment made under paragraph (1)(A) shall be retained by the trustee until confirmation or denial of confirmation. If a plan is confirmed, the trustee shall distribute any such payment in accordance with the plan as soon as is practicable. If a plan is not confirmed, the trustee shall return any such payments not previously paid and not yet due and owing to creditors pursuant to paragraph (3) to the debtor, after deducting any unpaid claim allowed under section 503(b).

28 U.S.C § 1452 is titled "Removal of claims related to bankruptcy cases" and provides:

> (a) A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental units police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.
>
> (b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title.

28 U.S.C. § 1334 is titled "Bankruptcy cases and proceedings" and provides, in pertinent part, as follows:

> (a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.
>
> (b) Except as provided in subsection (e)(2), and notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have

original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

28 U.S.C. § 1447 is titled "Procedure after removal generally" and provides, in pertinent part, as follows:

> (c) A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

Based on the foregoing, a separate Judgment will be entered remanding the above captioned adversary proceeding to the 245th Judicial District Court of Harris County, Texas.

Signed at Houston, Texas on this 26th day of May, 2016.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE